IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **AUTO-OWNERS INSURANCE COMPANY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Number |
| vs. ) | **5:11-cv-04042-AKK** |
| ) | |
| **JARRETT WALKER CONSTRUCTION, INC., GEORGE T. JARRETT, JR., WILLIAM C. BELCHER AND PAMELA S. BELCHER,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

The court has reviewed Defendants William C. and Pamela Belcher's Motion to Dismiss or, in the Alternative, Motion to Stay, doc. 9,[1] which Plaintiff Auto-Owners Insurance Company ("Auto-Owners") opposes, doc. 12. For the reasons stated below, the motion is **GRANTED**, as it relates to Auto-Owners indemnity obligations, and **DENIED** in all other respects.

---

[1] The co-defendants in this action, Jarrett Walker Construction, Inc., and George T. Jarrett, Jr., joined the Belchers' Motion to Dismiss or, in the Alternative, Motion to Stay. Doc.16.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Auto-Owners issued a Commercial General Liability Policy (the "Policy") naming "Jarrett Walker Construction, Inc." as the named insured. George T. Jarrett, Jr., as owner of Jarrett Walker Construction, Inc., (collectively, "Jarrett"), is also insured under the Policy. Doc. 1 at 2. The Policy provides coverage for certain damages and other "insured perils as established by the express terms of the contract" and carries a commercial general liability aggregate limit of $2,000,000.00. *Id*.

In January 2007, the Belchers purchased a house from Jarrett for $166,200.00. *Id.* After moving into the house, the Belchers contend they made several complaints to Jarrett which Jarrett failed to adequately address. *Id.* Consequently, in September 2007, the Belchers filed a complaint with the Home Builder's Licensure Board ("the Board"), which inspected the Belchers' house in October 2007. *Id.* Around the same time, the Belchers noticed discoloration in their baseboards that they believe was caused by water damage. *Id.* When Jarrett's attempt to repair the house in January 2008 proved unsuccessful, the Belchers filed a lawsuit on March 12, 2010, in the Circuit Court of Limestone County alleging that the repair estimates are in excess of $100,000.00. *Id.*

Auto-Owners received notice of the lawsuit on or about March 19, 2010, *id.*

at 3-4, and is defending Jarrett "under a reservation of rights," doc. 12 at 2. Auto-Owners filed this action asking this court to declare whether Auto-Owners "has a duty to defend Jarrett from the claims asserted by the Belchers [and] . . . whether Auto-Owners has a duty to indemnify Jarrett from the claims asserted by the Belchers." Doc. 1 at 13.

## II. ANALYSIS

### A.   Declaratory Judgment Standard

The Declaratory Judgment Act, 28 U.S.C. § 2201, "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The Court consistently characterizes "the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Id.* at 287 (citing *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).[2] Indeed, the Eleventh Circuit instructs that the Act "only gives the federal courts competence to make a declaration of rights, it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). As such, "'it would be uneconomical as well as vexatious for a

---

[2] The court notes that it has subject matter jurisdiction under 28 U.S.C. § 1332 because Auto-Owners satisfies both the complete diversity of parties and amount in controversy requirements. Doc. 1 at 2.

federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" *Id.* (quoting *Brillhart v. Excess Inc. Co. of Am.*, 316 U.S. 491, 495 (1942)).

To aid in balancing these state and federal interests, the Eleventh Circuit established criteria that weigh considerations of "federalism, efficiency, and comity that traditionally inform a federal court's discretionary decision whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in state courts." *Id.* at 1331. The *Ameritas* non-exclusive factors—which this court must follow as "guideposts" to determine whether staying the action would promote federalism, efficiency, and comity—include:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"-that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close

>nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Id.* The court "has no obligation to consider each and every factor on the list and it is free to consider any other factors it deems relevant or significant." *Artmark Products Corp. v. Conbraco Indus.*, No. 11-20879-Civ, 2012 WL 1155132 *3 (S.D. Fla. Apr. 5, 2012).

With these factors in mind, the court turns now to the parties' respective positions on the duty to defend and indemnity claims.

**B.     Duty to Defend**

Defendants argue that this court should dismiss or, in the alternative, stay this action because it is premature since Jarrett's "liability has not been established in the underlying state court action . . . . [and] may be made moot by the Judgment in the underlying action." Doc. 9 at 2. Additionally, Defendants contend "[i]n this case, there are clearly covered claims alleged and the duty to defend continues." *Id.* at 5. Auto-Owners maintains that the Policy "provides no coverage for poor workmanship . . . . [so] the policy provides no coverage to Walker Construction and/or Jarrett for the claims made by the Belchers," doc. 12 at 2, and disagrees that dismissal or a stay of its claims is warranted.

Under Alabama law, to ascertain an insurer's duty to defend, "a court looks to the language of the insurance policy and the allegations in the complaint filed against the insured." *Canal Ins. Co. v. Cook*, 564 F. Supp. 2d 1322, 1327 (M.D.

Ala. 2008). Moreover, "'[i]f the allegations of the injured party's complaint show an accident or occurrence which comes within the coverage of the policy, the insurer is obligated to defend *regardless of the ultimate liability of the insured*.'" *Id.* (quoting *Thorn v. Am. States Ins. Co.*, 266 F. Supp. 2d 1346, 1349 (M.D. Ala. 2002) (emphasis added)). Furthermore, courts are not always limited to the "bare allegations" in determining a "duty to defend," and where ambiguity in the policy language exists, courts "look to facts which may be proved by admissible evidence." *Id.* (citing *Pac. Indem. Co. v. Run-A-Ford Co.*, 161 So. 2d 789, 792 (Ala. 1964)). Significantly, liability of the insured plays no role in determining an insurer's duty to defend. *Id.*

In a case with similar issues, the Middle District of Georgia refused to grant a stay. Specifically, in *Auto-Owners Ins. Co. v. Hickory Springs Estates Homeowners Ass'n, Inc.*, No. 5:08-cv-049(HL), 2008 WL 5381971 (M.D. Ga. Dec. 23, 2008), the homeowners filed a state court action against Hickory Springs Estates alleging negligent water and dam management. Auto-Owners Insurance Company insured Hickory Springs and agreed to defend the underlying state suit under a reservation of rights, but filed a declaratory judgment action in federal district court asserting that it had no duty to defend under the policy. *Id.* at *1. In response, Hickory Springs, the insured, argued that:

> [A]ny determinations by this Court would give rise to issues of *res judicata* in the state court action because "[t]he facts surrounding the failure of the dam and the alleged property damage to the downstream landowner is key to a determination of liability in the underlying state

>court action," and those "same facts will be critical to a determination
of coverage."

*Id.* at *4.  Using the *Ameritas* factors, the court disagreed.  It reasoned that, "whether there exists a duty to defend is determined by comparing the language of the insurance contract with the allegations of the complaint . . . . Therefore, because Auto-Owner's duty to defend can be analyzed *without making factual determinations*, [the insured's] position that factual determinations of this Court will have *res judicata* effect on the state court is hardly tenable." *Id.* (emphasis added).  Indeed, with respect to the seventh and eighth *Ameritas* factors—that pertain to the preclusive effect of factual determinations in the underlying state action—the duty to defend is defined "regardless of the truth or falsity of such [factual] allegations." *Id.* at *5.

In considering the other *Ameritas* factors, the court acknowledged that the underlying state action had different parties and that the "issue of insurance coverage [wa]s not currently pending in the underlying state court action." *Id.* at *4.  Thus, the court found no federalism concerns or gratuitous interference with state court proceedings.  Moreover, the court held that Georgia "has no particularized interest in this federal declaratory judgment action as no Georgia state court has been called upon to decide the sole issue raised - insurance coverage." *Id.*  Additionally, the court held that resolution of the declaratory action would not "settle the [state court] controversy," nor would staying the

declaratory action produce a "superior alternative remedy." *Id.*

Similar to *Hickory*, this court finds that whether Auto-Owners has a duty to defend is not dependant upon Jarrett's liability.  Moreover, a ruling on Auto-Owners duty to defend will not have a preclusive effect on the Circuit Court of Limestone County because such a determination requires only that this court compare the language of the Policy with the allegations made in the underlying action.  Put differently, any merits-based, fact-finding analysis, pertaining to the underlying state court action, is unnecessary and inappropriate to ascertain Auto-Owners' duty to defend.  *See Pa. Nat'l Mutual Cas. Ins. Co. v. Cochrane Roofing & Metal Co., Inc., et al*, No. 2:11-cv-00124-LSC (N.D. Ala. April 20, 2011) (doc. 19) (refusing to stay declaratory judgment action regarding insurer's duty to defend).  Additionally, Auto-Owners' duty to defend Jarrett is not before the Circuit Court of Limestone County, and the parties in both action are not completely identical.  Doc. 12 at 1.  Thus, hearing this aspect of Auto-Owners' declaratory judgment raises no federalism concern and is economical and not vexatious.  *See Ameritas*, 411 F.3d at 1330.

As to Defendants' assertion that "this action is not 'ripe' for adjudication" and is "premature since Jarrett Walker's liability has not been established in the underlying state court action," doc. 9 at 2, the court notes that a "duty to defend a suit against the insured is a present obligation existing during the pendency of the suit, such that a dispute concerning defense obligations presents a ripe

controversy." *White-Spunner Const., Inc. v. Zurich American Ins. Co.*, No-10-0158-WS-C, 2010 WL 3489956 *1 (S.D. Ala. Aug. 30, 2012). In other words, the controversy before this court is ripe because the Belchers filed a complaint in the Circuit Court of Limestone County, Alabama on March, 12, 2010, doc. 1 at 3, which triggered the defendants in that action to submit the lawsuit to their insurance carrier Auto-Owners for a defense. That action, in turn, triggered Auto-Owners to ask this court to declare whether it has a duty to defend the state court action. Accordingly, Defendants' motion to dismiss or in the alternative to stay is **DENIED**.

C.  **Indemnity**

Defendants correctly assert, however, that a stay is warranted for Auto-Owners' declaratory judgment pertaining to future indemnification of Rogers Group. Doc. 11, at 2. "Whether there is a duty to indemnify under the policy will depend on the facts adduced at the trial of the action . . . ." *Hartford Cas. Ins. Co. v. Merch. & Farmers Bank*, 928 So. 2d 1006, 1013 (Ala. 2005). Unlike the duty to defend, indemnity requires a finding of liability; thus, suits seeking a declaration regarding indemnity obligations *before* a merits determination in the underlying litigation are premature. *Canal Ins. Co.*, 564 F. Supp. 2d at 1325 (citing *Sphere Drake Ins., P.L.C. v. Shoney's, Inc.*, 923 F. Supp. 1481, 1493 (M.D. Ala. 1996)). Accordingly, Defendants' motion to stay is **GRANTED** as it relates to Auto-

Owners indemnity obligations.[3]

**DONE** this 17th day of August, 2012.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[3] *See Employers Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d 1257, 1262 (N.D. Ala. 1999) ("This court concludes that it should retain jurisdiction to hear both the duty to defend and the indemnification issues. The duty to defend is more extensive than the duty to indemnify. If the court determines that there is a duty to defend, it may well be appropriate not to then reach the further issue of duty to indemnify. However, a determination that there is no duty to defend may well determine the duty to indemnify issue. Both discretion and common sense mandate that the court retain jurisdiction at least until the duty to defend issue is determined."); *Cochrane Roofing*, No. 2:11-cv-00124-LSC (N.D. Ala. April 20, 2011) (quoting this language).